UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DALTONICA SHORTER,

    Petitioner,

v.                                    CASE NO. 6:15-cv-362-Orl-28GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on a Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Thereafter, Respondents filed a Response to the Petition ("Response," Doc. 12) in accordance with this Court's instructions. Petitioner filed a Reply to the Response ("Reply," Doc. 16).

Petitioner alleges eleven claims for relief in the Petition. Upon due consideration of the pleadings and the state court record, the Court concludes that the Petition must be denied.

    I.    PROCEDURAL HISTORY

Petitioner, along with six co-defendants, was charged by indictment with racketeering (Count One), conspiracy to commit racketeering (Count Two), conspiracy to traffic in 400 grams or more but less than 150 kilograms of cocaine (Count Three), and conspiracy to traffic in 25 pounds or more but less than 2000 pounds of cannabis (Count Four) (Doc. 12-1 at 141-61). After a jury trial, Petitioner was convicted as charged of Counts

One and Two and was acquitted of Count Three (Doc. 12-2 at 201-03). The State filed a nolle prosequi with regard to Count Four. *Id.* at 205. The trial court sentenced Petitioner to fifteen-year terms of imprisonment for Counts One and Two to be followed by ten-year terms of probation (Doc. 12-3 at 78-82). Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam* (Doc. 12-8 at 198).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in which he alleged four claims. *Id.* at 225-252. The trial court summarily denied the motion (Doc. 12-9 at 237-43). Petitioner appealed, and the Fifth DCA affirmed *per curiam* (Doc. 12-10 at 141).

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

#### A. Claims One, Two, Four, Six, Eight, and Ten

Petitioner alleges in claim one that the evidence was insufficient to support convictions for racketeering and conspiracy to commit racketeering. (Doc. 1 at 5). In claim two, Petitioner contends that the admission of "gruesome photographs" as a predicate incident for Counts One and Two was prejudicial error. (*Id.*). Petitioner asserts in claim four that his convictions are due to be vacated because "the charged offenses occurred within a single judicial circuit and therefore, the statewide prosecutor lacked jurisdiction" to pursue the charge. (*Id.* at 18). Furthermore, in claim six, Petitioner alleges that his convictions should be vacated because the State failed to prove that venue was proper in Orange County, Florida. (*Id.* at 24). In claim eight, Petitioner states that testimony of State's gang expert was admitted in error. (*Id.* at 28). Finally, Petitioner argues in claim ten that the admission of his prior judgments of conviction at trial was prejudicial error. (*Id.* at 32).

Respondents assert that these claims are unexhausted. (Doc. 12 at 8). Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from

granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–44 (1999). In order to satisfy the exhaustion requirement a "petitioner must 'fairly present[ ]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). A petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

These claims were raised on direct appeal, however, Petitioner did not cite to any federal constitutional issue or provision in his initial brief. (Doc. 12-8 at 31-90). In discussing these claims, Petitioner merely relied upon Florida law and statutes. (*Id.*). Therefore, these claims are unexhausted. *See Snowden*, 135 F.3d at 735. The Court is precluded from considering these claims because they would be procedurally defaulted if Petitioner returned to state court. "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." *Id.* at 736. Petitioner could not return to the state court to raise these grounds because he already filed a direct appeal. Thus, Petitioner's claims are procedurally defaulted.

Procedural default may be excused only in two narrow circumstances: if a petitioner can show (1) cause and prejudice or (2) actual innocence. *Murray v. Carrier*, 477

granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–44 (1999). In order to satisfy the exhaustion requirement a "petitioner must 'fairly present[ ]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). A petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

These claims were raised on direct appeal, however, Petitioner did not cite to any federal constitutional issue or provision in his initial brief. (Doc. 12-8 at 31-90). In discussing these claims, Petitioner merely relied upon Florida law and statutes. (*Id.*). Therefore, these claims are unexhausted. *See Snowden*, 135 F.3d at 735. The Court is precluded from considering these claims because they would be procedurally defaulted if Petitioner returned to state court. "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." *Id.* at 736. Petitioner could not return to the state court to raise these grounds because he already filed a direct appeal. Thus, Petitioner's claims are procedurally defaulted.

Procedural default may be excused only in two narrow circumstances: if a petitioner can show (1) cause and prejudice or (2) actual innocence. *Murray v. Carrier*, 477

U.S. 478, 496 (1986); *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). Petitioner has failed to demonstrate cause or prejudice for the procedural default. Likewise, he cannot show the applicability of the actual innocence exception. Accordingly, these claims are procedurally barred.

B.   Claim Three

Petitioner argues that trial counsel rendered ineffective assistance because he improperly advised Petitioner to reject a favorable plea offer. (Doc. 1 at 15). In support of this claim, Petitioner asserts that the State offered a negotiated plea to Count One and to a lesser offense for Count Three, and in exchange, he would be sentenced to two years in prison followed by two years of probation. (*Id.* at 16). Petitioner states, however, that counsel improperly advised him that his guilty plea would be admissible against his co-defendants at trial. (*Id.*).

Petitioner raised this claim in his Rule 3.850 motion. (Doc. 12-8 at 232-33). The trial court summarily denied the claim, concluding that counsel's advice was legally correct. (Doc. 12-9 at 239). The trial court stated that had Petitioner entered a plea, his judgment and sentence for racketeering would have been admissible against his co-defendants to establish the existence of a criminal enterprise. *Id.* The Fifth DCA affirmed *per curiam*. (Doc. 12-10 at 141).

Although the Florida courts are silent on the issue of whether a co-defendant's guilty plea is admissible in a racketeering prosecution, Florida courts look to the federal racketeering statutes for guidance in construing the state racketeering provisions. *Gross*

7

*v. State*, 765 So. 2d 39, 42 (Fla. 2000) (noting that the federal and Florida racketeering statutes are similar, and as a result, "Florida courts have looked to the federal courts for guidance in construing RICO provisions."). A review of relevant federal authority reveals that reasonable competent counsel could have advised his client that a judgment resulting from a guilty plea could be used against co-defendants at their trials as proof of a pattern of racketeering activity. *See, e.g., United States v. Basciano*, 599 F.3d 184, 207 (2d Cir. 2010) (the criminal activities of racketeering confederates are admissible against each defendant to prove the existence and nature of the RICO enterprise and a pattern of racketeering activity on the part of each defendant by providing the requisite relationship and continuity of illegal activities). Thus, Petitioner cannot demonstrate deficient performance because he has not shown that counsel gave objectively unreasonable advice when he told Petitioner that his guilty plea would be admissible against his co-defendants. The state court's denial of this claim was neither contrary to, nor an unreasonable application of *Strickland*. Accordingly, this claim is denied pursuant to § 2254(d).

### C. Claims Five and Seven

Petitioner argues that trial counsel rendered ineffective assistance when he failed to file a motion to dismiss the indictment based on lack of jurisdiction. (Doc. 1 at 21). Specifically, Petitioner contends the crimes did not take place outside of the Second Judicial Circuit Court, and therefore, the trial should have not taken place in the Ninth Judicial Circuit Court. (*Id.*). In claim seven, Petitioner contends that counsel rendered

ineffective assistance because he failed to object to the lack of venue (*Id.* at 26).

Petitioner raised these claims in his Rule 3.850 motion. The trial court denied the claims pursuant to *Strickland*, noting that Petitioner failed to demonstrate a reasonable probability existed that a motion to dismiss the indictment based on lack of jurisdiction or lack of venue would have been granted. (Doc. 12-9 at 240).

Article IV, § 4(b) of the Florida Constitution provides that the state prosecutor "shall have concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring or having occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is affecting or has affected two or more judicial circuits as provided by general law." Additionally, section 16.56(1)(a)(3), Florida Statutes, states that the Office of the Statewide Prosecution may investigate and prosecute any "violation of the provisions of the Florida RICO Act, including any offense listed in the definition of racketeering activity" in section 895.02(1)(a).

The indictment charged Petitioner with racketeering and conspiracy to commit racketeering, and listed several predicate offenses which were alleged to have occurred in Gadsden, Leon, Orange, and Miami-Dade Counties, and Birmingham, Alabama. (Doc. 12-1 at 141-58). Because the indictment provided that the predicate offenses occurred in several different counties in Florida, the Office of the Statewide Prosecutor had authority and jurisdiction to prosecute Petitioner. *See Winter v. State*, 781 So. 2d 1111, 1115 (Fla. 1st DCA 2001) (stating that the Office of the Statewide Prosecutor does not have authority to prosecute a case when the charged crimes occurred in only one judicial circuit). Although

9

Petitioner alleges that the State failed to prove that the crimes were committed in more than one judicial circuit, the general rule is that "jurisdiction is to be determined solely from the face of the information" or indictment. *Black v. State*, 819 So. 2d 208, 211 (Fla. 1st DCA 2002). Therefore, a motion to dismiss the indictment based on lack of jurisdiction would not have been successful. Petitioner failed to demonstrate counsel's actions with regard to this matter amount to deficient performance or that prejudice resulted.

With regard to venue, Florida law provides that criminal defendants have the constitutional right to be tried "in the county where the crime took place." *R.J. v. State*, 142 So. 3d 907, (Fla. 4th DCA 2014). Furthermore, section 910.05, Florida Statutes, provides that "[i]f the acts constituting one offense are committed in two or more counties, the offender may be tried in any county in which any of the acts occurred." Therefore, venue was proper in any county where a predicate offense was alleged to have occurred, and a predicate offense alleged to have occurred in the Ninth Judicial Circuit. Thus, the fact that the Office of the Statewide Prosecutor elected to try the case in the Ninth Judicial Circuit Court was proper. Consequently, counsel's actions did not amount to deficient performance.

Moreover, even if defense counsel had successfully objected to the venue, the result would have been to move the trial to the Second Judicial Circuit Court, where a majority of the predicate offenses were alleged to have taken place. A reasonable probability does not exist that the outcome of the trial would have been different had had he been tried in the Second Judicial Circuit Court. The state court's determination of this

claim was neither contrary to, nor an unreasonable application of, clearly established federal law. These claims are denied pursuant to § 2254(d).

E.  **Claim Nine**

Petitioner contends that trial counsel was ineffective for failing to "obtain the exclusion" of expert testimony related to gang activities. (Doc. 1 at 30). Petitioner states that the trial court allowed Eduardo Develasco ("Develasco") to testify, over defense objection, regarding characteristics and activities related to gangs. (*Id.*).

Petitioner raised this claim in his Rule 3.850 motion, and the trial court summarily denied the claim, concluding that Petitioner had not presented any case law demonstrating that Florida courts prohibit generalized expert testimony related to gang activity. (Doc. 12-9 at 241). The Fifth DCA affirmed *per curiam*. (Doc. 12-10 at 141).

Petitioner has not demonstrated that he is entitled to relief. Defense counsel objected Develasco's testimony. (Doc. 12-7 at 1-70). It is unclear what additional actions counsel could have taken to obtain the exclusion of this testimony. Petitioner fails to demonstrate deficient performance. Moreover, Petitioner has not directed the Court to any clearly established federal law prohibiting the admission of expert testimony regarding gang-related behavior. The Court notes that federal courts have allowed experienced law enforcement officers to testify as gang experts. *See, e.g., United States v. Wilson*, 634 F. App'x 718, 736 (11th Cir. 2015) (allowing a detective with extensive knowledge of California gangs to testify as an expert on Montgomery, Alabama gang activity); *United States v. Augustin*, 661 F.3d 1105, (11th Cir. 2011) (affirming the district

11

court's finding that the proffered expert was qualified to testify as to the organization, history, and symbols of a specific Chicago, Illinois, gang based on his experience working with Chicago street gangs). The state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, this claim is denied pursuant to § 2254(d).

**F. Claim Eleven**

Petitioner asserts that trial counsel was ineffective for failing to "obtain the exclusion of judgments of conviction." (Doc. 1 at 34). In support of the claim, Petitioner argues that the State was allowed to introduce into evidence his prior judgment of conviction for discharging a firearm from a vehicle. (*Id.*). Petitioner raised this claim in his Rule 3.850 motion, and the trial court summarily denied the claim, concluding that Petitioner's prior judgment of conviction was relevant to the issues at trial. (Doc. 12-9 at 241). The trial court also stated that even if the admission of the prior conviction was improper, the error was harmless. *Id.* The Fifth DCA affirmed *per curiam*. (Doc. 12-10 at 141).

This claim is refuted by the record. Prior to the voir dire, defense counsel objected to the introduction of Petitioner's prior judgment of conviction. (Doc. 12-3 at 147-48). The court overruled the objection. (Doc. 12-4 at 1). Defense counsel again objected to the introduction of this evidence during trial. (Doc. 12-7 at 101, 106). The trial court concluded that the prior judgment of conviction was admissible. (*Id.* at 108, 151-53). Petitioner has not demonstrated what additional arguments defense counsel could have made or that

counsel acted deficiently with regard to this matter.

Furthermore, Petitioner has not sustained prejudice. Florida law allows for the introduction of a defendant's prior judgment of conviction in order to prove that the defendant participated in an enterprise demonstrating a pattern of racketeering. *See Napoli*, 596 So. 2d at 786; *Erwin*, 793 F.2d at 670. Therefore, Petitioner's prior conviction was relevant to prove his participation in gang-related activities or the racketeering enterprise. The state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, claim eleven is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Daltonica Shorter (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close the case.

**DONE AND ORDERED** in Orlando, Florida, this 12th day of December, 2017.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 12/12
Counsel of Record
Daltonica Shorter